# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT WIRELESS TECHNOLOGIES, LP, | § § § | |
| Plaintiff, | § § | Case No. _____ |
| v. | § § | |
| SAMSUNG ELECTRONICS CO. LTD.; SAMSUNG ELECTRONICS AMERICA, LLC; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; RESEARCH IN MOTION, CORP. and RESEARCH IN MOTION, LTD, | § § § § § § § § | **Jury Trial Requested** |
| Defendants. | § | |

## REMBRANDT WIRELESS TECHNOLOGIES LP'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Rembrandt Wireless Technologies LP ("Rembrandt" or "Plaintiff") hereby submits this Complaint against Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, LLC, Samsung Telecommunications America, LLC, Samsung Austin Semiconductor, LLC, Research in Motion Corp., and Research in Motion Ltd. (collectively "Defendants") and states as follows:

## THE PARTIES

1. Rembrandt is a Virginia limited partnership, having a principal place of business at 401 City Ave., Suite 900, Bala Cynwyd, Pennsylvania 19004.

2. Rembrandt is the assignee and owner of the patent at issue in this action, United States Patent No. 8,023,580 ("the '580 Patent").

3. Rembrandt is informed and believes, and on that basis alleges, that Defendant Samsung Electronics Co. Ltd. is a corporation organized and existing under the laws of Republic of Korea, having a principal place of business at 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Republic of Korea.

4. Rembrandt is informed and believes, and on that basis alleges, that Samsung Electronics America, LLC is a wholly-owned subsidiary of Samsung Electronics Co. Ltd. and is incorporated under the laws of New York, having a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

5. Rembrandt is informed and believes, and on that basis alleges, that Samsung Telecommunications America, LLC is a wholly-owned subsidiary of Samsung Electronics Co. Ltd. and is incorporated under the laws of Delaware, having a principal place of business at 1301 E. Lookout Dr., Richardson, Texas 75082.

6. Rembrandt is informed and believes, and on that basis alleges, that Samsung Austin Semiconductor, LLC a wholly-owned subsidiary of Samsung Electronics Co. Ltd. and is a Delaware limited liability company with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754.

7. Rembrandt collectively refers herein to Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, LLC, Samsung Telecommunications America, LLC, and Samsung Austin Semiconductor, LLC as "Samsung."

8. Rembrandt is informed and believes, and on that basis alleges, that Research in Motion Corporation is a Delaware corporation with its principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, TX 75039

9. Rembrandt is informed and believes, and on that basis alleges, that Research in Motion Ltd. is a Canadian corporation with its principal place of business at 259 Phillip Street, Waterloo, Ontario, N2L 3W8 Canada.

10. Rembrandt collectively refers herein to Defendants Research in Motion Corp. and Research in Motion Ltd. as "Research in Motion."

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

12. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that Defendants have done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling Rembrandt to relief.

## INFRINGEMENT OF U.S. PATENT NO. 8,023,580

13. On September 20, 2011, United States Patent No. 8,023,580 was duly and legally issued for inventions entitled "System and Method of Communication Using at Least Two Modulation Methods." Rembrandt was assigned the '580 Patent and continues to hold all rights and interest in the '580 Patent. A true and correct copy of the '580 Patent is attached hereto as Exhibit A.

14. Upon information and belief, Samsung and Research in Motion have infringed directly and indirectly and continue to infringe directly and indirectly the '580 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the following Bluetooth standards: Version 2.0 + EDR,

Version 2.1 + EDR, Version 3.0 + HS, and Version 4.0 ("Bluetooth Standards").  Each of these Bluetooth Standards supports Enhanced Data Rate ("EDR") mode, thereby using at least two modulation methods.

15. Samsung's Bluetooth Standards compliant products include but are not limited to: Galaxy S III, Galaxy S II, Galaxy S II Skyrocket, Galaxy Stellar, Conquer 4G, Focus 2, Galaxy Nexus, Galaxy Exhibit, Galaxy Proclaim, ATIV Odyssey, Galaxy Note II, Galaxy Note, Nexus 10, Galaxy Tab 2, Galaxy Tab, Galaxy Player 4.0, Galaxy Player 5.0, ES Series televisions with 3D support (*e.g.*, UN32ES6500, UN50ES6500, UN75ES9000), and D Series televisions with 3D support (*e.g.*, UN46D8000, UN55D8000, UN60D8000).

16. Research in Motion's Bluetooth Standards compliant products include but are not limited to: BlackBerry Z10, BlackBerry Q10, BlackBerry Bold 9930/9900/9790, BlackBerry Torch 9860/9850/9810, BlackBerry Curve 9310/9370/9360/9350, and BlackBerry PlayBook.

17. Upon information and belief, at least as of the filing of this complaint, Defendants indirectly infringe one or more claims of the '580 Patent by active inducement under 35 U.S.C. § 271(b).  Defendants have induced, caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale and/or import products which are interoperable according to the Bluetooth Standards and thereby infringe the '580 Patent. Defendants have done so by acts including but not limited to selling products which are interoperable according to the Bluetooth Standards to their customers; marketing the infringing capabilities of such products; and providing instructions, technical support and other support and encouragement for the use of such products.  Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale and/or importation of infringing products in the United States.

18.     The acts of infringement by Defendants have caused damage to Rembrandt, and Rembrandt is entitled to recover from Defendants the damages sustained by Rembrandt as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of Rembrandt's exclusive rights under the '580 Patent by Defendants has damaged and will continue to damage Rembrandt, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

19.     Rembrandt intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '580 Patent.

## JURY DEMAND

20.     Rembrandt hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt requests entry of judgment in its favor and against Defendants as follows:

a)     A declaration that Defendants have infringed and are infringing U.S. Patent No. 8,023,580;

b)     An Order permanently enjoining Defendants, their respective officers, agents, employees, and those acting in privity with them, from further direct and/or indirect infringement of U.S. Patent No. 8,023,580;

c)     An award of damages to Rembrandt arising out of Defendants' infringement of the U.S. Patent No. 8,023,580, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

d) An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

e) Granting Rembrandt its costs and further relief as the Court may deem just and proper.

Dated: March 15, 2013

Respectfully submitted,

*/s/ Michael Heim (by permission Miranda Jones)*
Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Eric Enger (Texas Bar No. 24045833)
eenger@hpcllp.com
Miranda Y. Jones (Texas Bar No. 24065519)
mjones@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Demetrios Anaipakos (Texas Bar No. 00793258)
danaipakos@azalaw.com
Amir Alavi (Texas Bar No. 00793239)
aalavi@azalaw.com
Steven J. Mitby (Texas Bar No. 24037123)
smitby@azalaw.com
Brian E. Simmons (Texas Bar No. 24004922)
bsimmons@azalaw.com
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
**LAW OFFICE OF T. JOHN WARD, JR. P.C.**
111 W. Tyler Street
Longview, Texas 75601
Phone (903)757-6400
TollFree (866)305-6400
Fax (903) 757-2323

**ATTORNEYS FOR REMBRANDT WIRELESS TECHNOLOGIES LP**