**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT WIRELESS TECHNOLOGIES, LP, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:13-CV-213 |
| SAMSUNG ELECTRONICS CO. LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; BLACKBERRY, CORP. and BLACKBERRY, LTD, | § | Jury Trial Requested |
| Defendants. | § | |

**JOINT MOTION FOR LEAVE TO EXTEND THE DEADLINES FOR DISCLOSURE OF EXPERT WITNESSES AND REBUTTAL EXPERT WITNESSES, TO COMPLETE EXPERT DISCOVERY, AND TO FILE DISPOSITIVE AND *DAUBERT* MOTIONS**

Plaintiff Rembrandt Wireless Technologies, LP ("Rembrandt") together with Samsung Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Austin Semiconductor, LLC ("Samsung"), BlackBerry Corp., and BlackBerry Ltd. ("BlackBerry") jointly come before the Court and ask that the Docket Control Order (Docket No. 53, as amended by Docket No. 140) be amended as listed below. The requested changes will not affect any other deadlines in the Docket Control Order ("DCO").

The parties note that the date for jury selection is proposed to be amended only to correct a suspected error in a previous amendment to the DCO. In particular, on August 29, 2013, the Court's initial DCO (Docket No. 53) set February 2, 2015 as the date for jury selection. On March 12, 2014, the Court reset jury selection for February 9, 2015. On September 22, 2014, the parties

moved to amend the DCO to adjust certain fact discovery deadlines, but inadvertently submitted a proposed amended DCO with the original February 2, 2015 date for jury selection. (Docket No. 139.) This DCO was subsequently entered by the Court. (Docket No. 140.) The parties believe that the Court did not intend to move the jury selection date and so propose below to amend the date back to February 9, 2015.

| **Amended Deadline** | **Current Deadline** | **Event** |
|---|---|---|
| Oct. 6, 2014 | Sept. 29, 2014 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof. |
| Nov. 3, 2014 | Oct. 20, 2014 | Serve Disclosures for Rebuttal Expert Witnesses. |
| Nov. 21, 2014 | Nov. 3, 2014 | Deadline to Complete Expert Discovery |
| Nov. 26, 2014 | Nov. 10, 2014 | *File Dispositive Motions or Motion to Strike Expert Testimony (including Daubert Motions)<br><br>No dispositive motion or motion to strike expert testimony (including Daubert motion) may be filed after this date without leave of Court. |
| Feb. 9, 2015 | Feb. 2, 2015 | *Jury Selection – 9:00 a.m. in Marshall, Texas |

Good cause exists for amending these scheduling deadlines. First, a death in the family of Plaintiff's damages 30(b)(6) witness required postponing his deposition until October 21, 2014. If the date for rebuttal expert reports is not extended, Defendants will be unable to address the witness's testimony in their rebuttal damages expert report. Moving the rebuttal report deadline, in turn, requires a slight postponement of the expert discovery deadline and the deadline for dispositive and *Daubert* motions.

Next, the named inventor of the asserted patents, Gordon Bremer, became ill and his deposition has been postponed for similar reasons. The deposition has been re-scheduled for

October 16, and Defendants will similarly need additional time to address Mr. Bremer's testimony in their expert reports.

Plaintiff further states that the requests in this Motion are made for the purpose of ensuring accuracy, reliability, and completeness of the Parties' Disclosures for Expert Witnesses and Rebuttal Expert Witnesses, for the following reasons:

- From November 2013 through the present, Parties have been diligently working with third-party chipmakers, including Broadcom, Qualcomm, Intel, CSR, Marvell, Texas Instruments, and STMicroelectronics, to procure technical and damages information relating to the Bluetooth chips incorporated into Samsung's and BlackBerry's accused products. This information is important to both the disclosure of Plaintiff's technical and damages expert witnesses.

- To accommodate third-party needs and to alleviate discovery burden, Plaintiff has engaged in numerous iterative negotiations with the third-party chipmakers on the scope of documents and information to be provided.

- A number of third-party chipmakers have not produced all the documents until very late in the discovery period, many of which contain information that is important to the expert disclosures.

- Both Parties and third-party chipmakers have produced large volumes of documents and have taken numerous fact witness depositions in the last several weeks, many of which may foreseeably impact the expert disclosures.

- Moreover, a number of third-party discovery items still remain outstanding. Per the Court's Order granting Motion to Amend/Correct Fact Discovery Deadline (Docket No. 140), the

fact discovery deadline with regard to certain third parties has been extended until October 23, 2014 to facilitate various outstanding fact discovery matters.

- Because the recently-produced data and the data this is still anticipated to be produced in this case may have an impact on the accuracy, reliability, and completeness of the disclosures of the expert witnesses, a short extension to the deadlines indicated above is merited.

"A party seeking leave to amend a court's scheduling order must show 'good cause.'" *Softvault Systems, Inc. v. Microsoft Corp.*, No. 2:06-CV-16 LED, 2007 WL 1342554 at *1 (E.D. Tex. May 2, 2007) (citing Fed. R. Civ. P. 16(b). "The good case standard requires the party seeking relief to show that the deadlines cannot be reasonably met despite the diligence of the party seeking the extension." *Id.* "Trial courts have broad discretion to allow scheduling order modifications and should consider four elements when determining whether to allow a modification: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Id.*

Here, good cause exists for allowing the amendment of the scheduling deadlines. For the reasons shown above, the Parties have acted diligently, the delay is due to circumstances beyond their control, and expert reports are of great importance to each Party. This is a joint motion, and no Party or third party will be prejudiced by the amendment. The Court has broad discretion to grant this Motion, as it will not affect any other deadlines in the Docket Control Order.

A proposed order that complies with this Court's requirements is attached.

Dated: September 29, 2014

Respectfully submitted,

*/s/ Kyril Talanov*
Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Eric Enger (Texas Bar No. 24045833)
eenger@hpcllp.com
Miranda Jones (Texas Bar No. 24065519)
mjones@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Demetrios Anaipakos (Texas Bar No. 00793258)
danaipakos@azalaw.com
Amir Alavi (Texas Bar No. 00793239)
aalavi@azalaw.com
Kyril Talanov (Texas Bar No. 24075139)
ktalanov@azalaw.com
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
Texas Bar No. 00794818
jw@wsfirm.com
**WARD & SMITH LAW FIRM**
1127 Judson Road, Suite 220
Longview, TX 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR REMBRANDT WIRELESS TECHNOLOGIES LP**

*/s/ Gerard A. Haddad (by permission K. Talanov)*
Michael C. Smith
Texas Bar No. 18650410
michaelsmith@siebman.com
**Siebman, Burg, Phillips & Smith, LLP**
113 E. Austin Street
P.O. Box 1556
Marshall, Texas 75671
Tel: (903) 938-8900
Fax: (903) 767-4620

Jeffrey K. Sherwood
Texas Bar No. 24009354
SherwoodJ@dicksteinshapiro.com
Frank C. Cimino, Jr.
CiminoF@dicksteinshapiro.com
Daniel G. Cardy
CardyD@dicksteinshapiro.com
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201

Gerard A. Haddad
HaddadG@dicksteinshapiro.com
**DICKSTEIN SHAPIRO LLP**
1633 Broadway
New York, NY 10019
Phone: (212) 277-6500
Fax: (212) 277-6501

**Attorneys for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Austin Semiconductor, LLC.**

*/s/ J. Ryan Gilfoil (by permission K. Talanov)*
E. Leon Carter (Texas Bar No. 03914300)
lcarter@carterstafford.com

John S. Torkelson (Texas Bar No. 00795154)
jtorkelson@carterstafford.com
CARTER STAFFORD ARNETT HAMADA & MOCKLER, PLLC
8150 N. Central Expressway, Suite 1950
Dallas, Texas 75206
Telephone: 214-550-8188
Facsimile: 214-550-8185

Vincent J. Belusko (CA Bar No. 100282)
Jared W. Miller (CA Bar No. 287424)
Morrison & Foerster LLP
707 Wilshire Blvd.
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Richard S.J. Hung (CA Bar No. 197425)
J. Ryan Gilfoil (CA Bar No. 246493)
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94015
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

**Attorneys for Defendants/Counterclaim Plaintiffs BlackBerry Corp. and BlackBerry Ltd.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2014, a true and correct copy of the foregoing document was served on all parties via CM/ECF.

*/s/ Kyril V. Talanov*
Kyril V. Talanov

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the 27th, 28th, and 29th days of September, 2014, I conferred with counsel for BlackBerry and Samsung regarding this Motion in accordance with Local Rule CV-7(h). This is a joint motion; it is unopposed.

*/s/ Kyril V. Talanov*
Kyril V. Talanov