# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Rembrandt Wireless Technologies, LP, <br><br> Plaintiff, <br><br> v. <br><br> Samsung Electronics Co., Ltd., <br> Samsung Electronics America, Inc., <br> Samsung Telecommunications America, LLC, <br> Samsung Austin Semiconductor, LLC, <br> Blackberry, Corp., and <br> Blackberry, Ltd., <br><br> Defendants. | Case No. 2:13-cv-213-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NO DAMAGES PRIOR TO THE FILING DATE OF THE COMPLAINT FOR FAILURE TO MARK**

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. UNDISPUTED STATEMENT OF FACTS ..................................................................... 1

III. LEGAL STANDARD ....................................................................................................... 2

    A. Summary Judgment ............................................................................................. 2

    B. Marking Requirement .......................................................................................... 3

IV. ARGUMENT .................................................................................................................... 4

    A. Zhone Sold Products that Practiced The '580 Patent Before this Lawsuit Was Filed .............................................................................................................. 4

    B. Zhone Failed to Mark Its 802.11g Products ........................................................ 8

    C. Rembrandt Cannot Recover Pre-Complaint Damages ........................................ 8

V. CONCLUSION ................................................................................................................. 9

I.   **INTRODUCTION**

Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, LLC, Samsung Telecommunications America, LLC, and Samsung Austin Semiconductor, LLC ("collectively "Samsung") respectfully seek summary judgment on the issue of patent marking.  Plaintiff Rembrandt Wireless Technologies, LP ("Rembrandt") should be barred from recovering damages for alleged infringement that occurred before the complaint was filed in this matter because its licensee Zhone Technologies, Inc. sold products that practice one of the asserted patents but did not mark those products with the patent number as required by 35 U.S.C. §287.

II.   **UNDISPUTED STATEMENT OF FACTS**

1.  Rembrandt has asserted U.S. Patent No. 8,023,580 (the "'580 patent") against Defendants.  See Complaint, Dkt. Nos. 1, 16, 22, 93.

2.  In 2007, Zhone Technologies, Inc. ("Zhone") sold an ancestor application of the '580 patent, along with all future patents issuing therefrom, to Summit Technology Systems, LP ("Summit"). Haddad Decl. Exh. 1, 2007 Patent Sale Agreement at RIP 00006624-6652 (Schneck Deposition Exh. 9); Haddad Decl. Exh. 2, Rembrandt's response to common interrogatory No. 2.

3.  Summit is an entity under common ownership with Rembrandt.  Haddad Decl. Exh. 3, Wood Tr. 13-20; Haddad Decl. Exh.4 (Wood Exh. 87).

4.  U.S. Patent Application No. 10/412,878 is listed as one of the patent applications assigned to Summit as part of the 2007 Patent Sale Agreement.  Haddad Decl. Exh. 1 at RIP 00006647; Haddad Decl. 2, Rembrandt's response to common interrogatory No. 2.

5.  The '580 patent is a continuation of U.S. Patent Application No. 10/412,878.  Haddad Decl. Exh. 5, '580 Patent.

6. Zhone sells a variety of telecommunications products, including wireless routers that implement, among other things, the IEEE 802.11g "Wi-Fi" standard. Haddad Decl. Exh. 6, Misunas Tr. 136-146; Haddad Decl. Exhs. 7, 8, 9, Misunas Exhibits 48, 49, 50.

7. As part of the 2007 Patent Sale Agreement, Zhone received from Summit a license-back to the '580 patent. Haddad Decl. Exh. 3, Wood Tr. 62:6-12; Haddad Decl. Exh. 1, 2007 Patent Sale Agreement at RIP 00006627, ¶ 2.4 (Schneck Exh. 9).

8. Summit later sold the '580 patent to Rembrandt, which filed its complaint asserting the '580 patent on March 15, 2013.[1] Haddad Decl. Exh. 1, Patent Acquisition Agreement at RIP 00006594 (Schneck Exh. 9).

9. Zhone sold numerous products implementing the IEEE 802.11g standard before this action was filed, and Zhone did not mark any of those products. Haddad Decl. Exh.6, Misunas Tr. 136-146; Haddad Decl. Exhs. 7, 8, 9, Misunas Exhs. 48, 49, 50.

### III.  LEGAL STANDARD

#### A.  Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

---

[1] Rembrandt added U.S. Patent No. 8,457,228 ("the '228 patent") to this case via a second amended complaint dated June 5, 2013. The '228 patent will not be a subject of Defendants' marking motion, however, as it issued the day before it was added to the case and can accrue no damages prior to then.

judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

B. **Marking Requirement**

The marking statute, 35 U.S.C. § 287, permits a patentee that sells patented products to "give notice to the public" that the products are patented by marking them with the patent numbers. 35 U.S.C. § 287(a). "In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." *Id.*

"If a patentee practices the claimed invention and fails to mark its product with the relevant patent number, damages may be limited." *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012). "[A] party that does not mark a patented article is not entitled to damages for infringement prior to actual notice." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009). The patentee has the burden to prove by a preponderance of the evidence that it never made, offered for sale, sold, or imported the patented product within the United States. *PACT XPP Techs., AG v. Xilinx, Inc.*, 2012 U.S. Dist. LEXIS 40651, 11-12 (E.D. Tex. Mar. 26, 2012) (patentee "must show beyond peradventure that it never made, offered for sale, sold, or imported patented product within the United States"). The requirement of 35 U.S.C. § 287(a) applies to "[p]atentees, and persons making, offering for sale, or selling within the United States any patented article for or under them . . ." 35 U.S.C. § 287(a). "A licensee who makes or sells a

patented article does so 'for or under' the patentee." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed.Cir.1994).

Filing a complaint for patent infringement constitutes notice, *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993), and failure to mark by a licensee is attributable to the patentee, *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996). As a result, if a licensee sells products practicing the asserted patent before the complaint filing, but fails to mark them, the patentee is barred from recovery for pre-complaint infringement (unless the defendant received actual notice of infringement through some other means). *Am. Med. Sys.*, 6 F.3d at 1537 (damages begin when marking begins or when defendant receives actual notice, whichever comes first).

Defendants' first actual notice of their alleged infringement was the filing of the complaint in this case. Accordingly, if any Rembrandt licensee sold products practicing the '580 patent without marking them before this lawsuit was filed, Rembrandt cannot recover pre-suit damages as a matter of law.

### IV. ARGUMENT

#### A. Zhone Sold Products that Practiced The '580 Patent Before this Lawsuit Was Filed

At his deposition, Zhone's corporate representative, David Misunas, admitted that Zhone sold wireless routers implementing the 802.11g standard before this lawsuit was filed in 2013. Haddad Decl. Exh. 6, Misunas Tr. 136-146; Haddad Decl. Exhs. 7, 8, 9, Misunas Exhibits 48, 49, 50. Under Rembrandt's infringement theory, devices implementing the 802.11g standard practice the '580 patent claims.

The core of the purported invention of the '580 patent is a transmission of information divided into two portions. *See, e.g.*, '580 patent Fig. 8 at item 172 and 4:42-44; 6:3-15

(disclosing "training" and "data" sequences). The first portion is modulated in a first modulation method, called Type A, and contains an indication of a change to a second modulation method, called Type B, to modulate the second portion. *Id.*



Haddad Decl. Exh. 5, '580 Patent Fig. 8.

In this case, Rembrandt has asserted the '580 patent against Bluetooth "Enhanced Data Rate" or "EDR" packets. According to Rembrandt, an EDR packet contains two portions, an access code/header portion and a payload portion. Per Rembrandt, the access code/header is modulated in a first modulation method (GFSK) and contains an indication of a change to a second modulation method (DPSK) to modulate the payload, as shown in the below figure from Rembrandt's infringement contentions:[2]



Haddad Decl. Exh. 10 (Rembrandt infringement contentions).

802.11g works the same way. In 802.11g, packets contain a PLCP preamble, SIGNAL section, and DATA section, with the SIGNAL section containing a RATE field that indicates the modulation method used by the DATA section:

---

[2] The figure is from the Bluetooth specification, with the "First Portion" and "Payload Portion" annotations added by Rembrandt.

5



Figure 107—PPDU frame format

IEEE Std 802.11a-1999(R2003) ("802.11a Standard") at p. 7, § 17.3.2; *see also* IEEE Std 802.11g-2003 ("802.11g Standard") at p. 18, § 19.3.2 (incorporating 802.11a Standard § 17.3.2). The 802.11g Standard incorporates the 802.11-1999 Standard and the 802.11a Standard. The citations to the 802.11-1999 Standard and the 802.11a Standard provided here are incorporated into the 802.11g Standard. *See* Haddad Decl. Exh. 12, 802.11g Standard at 1; *see also* Haddad Decl. Exh. 13, 802.11-1999 Standard (incorporated into 802.11g Standard); Haddad Decl. Exh. 11, 802.11a Standard (incorporated into 802.11g Standard).

The PLCP preamble and SIGNAL sections are modulated using a first modulation method (BPSK) and contain a "rate" field indicating a change to a different modulation method to modulate the data section. The possible modulation methods for the data section that can be set by the "rate" field are illustrated in the following table, and include variants of QAM modulation:

DOCSNY-580299

Table 78—Rate-dependent parameters

| Data rate (Mbits/s) | Modulation | Coding rate (R) | Coded bits per subcarrier ($N_{BPSC}$) | Coded bits per OFDM symbol ($N_{CBPS}$) | Data bits per OFDM symbol ($N_{DBPS}$) |
|---|---|---|---|---|---|
| 6 | BPSK | 1/2 | 1 | 48 | 24 |
| 9 | BPSK | 3/4 | 1 | 48 | 36 |
| 12 | QPSK | 1/2 | 2 | 96 | 48 |
| 18 | QPSK | 3/4 | 2 | 96 | 72 |
| 24 | 16-QAM | 1/2 | 4 | 192 | 96 |
| 36 | 16-QAM | 3/4 | 4 | 192 | 144 |
| 48 | 64-QAM | 2/3 | 6 | 288 | 192 |
| 54 | 64-QAM | 3/4 | 6 | 288 | 216 |

Haddad Decl. Exh. 11, 802.11a Standard at p. 9, § 17.3.2.2; *see also* Haddad Decl. Exh. 12, 802.11g Standard at pp. 20-21 (incorporating 802.11a Standard §§ 17.3.2-17.3.5). Thus, the SIGNAL portion is modulated using BPSK, and the data field can be modulated using QAM modulation as indicated by the "rate" field in the SIGNAL portion. As shown above, the data rate, which is stored in the RATE field of the SIGNAL section, specifies the modulation method that is used for the DATA field.

Exemplary claim 40 requires the use of two modulation methods that are "different." Haddad Decl. Exh. 5, '580 Patent claim 40. The two modulation methods used to transmit signals by 802.11g are "different" – Binary Phase Shift Keying ("BPSK") and Quadrature Amplitude Modulation ("QAM") (here, 16-QAM and 64-QAM). Haddad Decl. Exh. 11, 802.11a Standard at 2. *See* Table 78 above. Plaintiff's expert Dr. Morrow distinguishes these two modulation methods from each other: "PSK varies only phase while QAM can vary both phase and amplitude." Haddad Decl. Exh. 14, Morrow expert report at 76. Therefore, BPSK and QAM are "different" modulation methods.

7

Attached as the Appendix is a claim chart setting forth how the 802.11g standard also practices every limitation of exemplary claim 40. Because Zhone's products comply with the 802.11g standard, they practice claim 40 of the '580 patent.

In sum, there is no genuine issue of material fact concerning whether the 802.11g standard practices exemplary claim 40. Therefore, there is no genuine issue of material fact as to whether the Zhone 802.11g products should have been marked with the '580 patent.

### B.  Zhone Failed to Mark Its 802.11g Products

Zhone did not mark any of its 802.11g products, of which it sold many thousands of units. Haddad Decl. Exh. 6, Misunas Tr. at 136-146; Haddad Decl. Ex. 8 (Misunas Exh. 49). *See Nike Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) ("substantially all" products practicing the patent must be marked). Moreover, Zhone's corporate representative was unaware of any request from Rembrandt that Zhone mark its products. Haddad Decl. Exh. 6, Tr. at 136-146. There is no requirement in the 2007 Patent Sale Agreement for Zhone to mark any of its products with any of the licensed Rembrandt patents. Haddad Decl. Exh. 1 at RIP 0006624-6652. Rembrandt therefore cannot rely on any reasonable efforts to make its licensees comply with the marking statute. *See Maxwell*, 86 F.3d at 1112.

### C.  Rembrandt Cannot Recover Pre-Complaint Damages

Zhone failed to mark any of its thousands of products that implement the 802.11g standard and therefore practice the '580 patent. Accordingly, under the marking statute, Rembrandt may only recover for alleged infringement occurring after Defendants received actual notice of their alleged infringement of the '580 patent through the filing this action on March 15, 2013. Thus, Rembrandt's recovery is limited to alleged infringement occurring after March 15, 2013.

## V. CONCLUSION

Accordingly, defendants respectfully request that the Court grant summary judgment that Samsung is not liable for any damages occurring prior to the date of the complaint in this case, March 15, 2013.

Dated: November 26, 2014                    By: /s/ *Gerard A. Haddad*
                                                                         Michael C. Smith
                                                                         Texas Bar No. 18650410
                                                                         michaelsmith@siebman.com
                                                                         Siebman, Burg, Phillips & Smith, LLP
                                                                         113 E. Austin Street, P.O. Box 1556
                                                                         Marshall, Texas 75671
                                                                         Tel: (903) 938-8900
                                                                         Fax: (903) 767-4620

                                                                         Jeffrey K. Sherwood
                                                                         Texas Bar No. 24009354
                                                                         SherwoodJ@docksteinshapiro.com
                                                                         Frank C. Cimino, Jr.
                                                                         CiminoF@dicksteinshapiro.com
                                                                         Daniel G. Cardy
                                                                         CardyD@dicksteinshapiro.com
                                                                         DICKSTEIN SHAPIRO LLP
                                                                         1825 Eye Street NW
                                                                         Washington, DC 20006-5403
                                                                         Tel: (202) 420-2200
                                                                         Fax: (202) 420-2201

                                                                         Gerard A. Haddad
                                                                         HaddadG@dicksteinshapiro.com
                                                                         Jennifer BianRosa
                                                                         BianRosaJ@dicksteinshapiro.com
                                                                         DICKSTEIN SHAPIRO LLP
                                                                         1633 Broadway
                                                                         New York, NY 10019
                                                                         Phone: (212) 277-6500
                                                                         Fax: (212) 277-6501

                                                                         Attorneys for Defendants Samsung Electronics
                                                                         Co., Ltd., Samsung Electronics America, Inc.,
                                                                         Samsung Telecommunications America, LLC,
                                                                         and Samsung Austin Semiconductor, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2014, a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

By:  /s/ *Gerard A. Haddad*

Gerard A. Haddad

DOCSNY-580299