IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT WIRELESS TECHNOLOGIES, LP,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; BLACKBERRY CORP. and BLACKBERRY LTD.,<br><br>    Defendants. | Civil Action No. 2:13-cv-00213-JRG-RSP<br><br>JURY TRIAL DEMANDED |

## STIPULATION

Plaintiff Rembrandt Wireless Technologies, LP ("Rembrandt") enters into the following stipulation with Defendants Samsung Co., Ltd., Samsung Electronics America, Inc., Samsung Austin Semiconductor, LLC ("Samsung"):

1. Samsung filed Defendant Samsung's Motion to Exclude Opinions of Roy Weinstein Pursuant to Federal Rules of Evidence 702 and 403 ("Samsung's Daubert Motion") (Dkt. 189) on December 19, 2014 in the above-captioned action, which contains the following sections:

> VII. MR. WEINSTEIN'S TESTIMONY ABOUT SAMSUNG'S TOTAL REVENUE, GROSS PROFIT, AND OPERATING PROFIT FIGURES SHOULD BE EXCLUDED AS PREJUDICIAL
>
> VIII. MR. WEINSTEIN'S TESTIMONY ABOUT SAMSUNG'S SALES AND MARKET SHARE OUTSIDE THE U.S. SHOULD BE EXCLUDED AS IRRELEVANT AND PREJUDICIAL

1

## IX. MR. WEINSTEIN'S TESTIMONY ABOUT NON-ACCUSED PRODUCTS SHOULD BE EXCLUDED AS IRRELEVANT AND PREJUDICIAL

2. Prior to filing Samsung's Daubert Motion, the parties met and conferred. Regarding Sections VII, VIII and IX of Samsung's Daubert Motion, the parties agreed to continue to meet and confer with regards to entering a stipulation on those Sections.

3. The following portions of the October 6, 2014 Expert Report of Roy Weinstein Regarding Samsung ("10-6-14 Weinstein Samsung Report") shall be treated as withdrawn from 10-6-14 Weinstein Samsung Report and Mr. Weinstein shall not testify about them or the subject matter they contain at the upcoming trial in the above-captioned action:

   a. Testimony regarding Samsung's total revenues, gross profits, and operating profits – including, but not limited to, paragraphs 19 and 159, the charts on pages 10 and 47, and Exhibit 3; however in the event that the Court denies Sections V and VI of Samsung's Daubert motion and Mr. Weinstein is permitted by the Court to testify about the Samsung 38% gross margin figure set forth in paragraph 127 of the 10-6-14 Weinstein Samsung Report, the parties agree that Mr. Weinstein may testify about the definition of a gross margin, how he calculated the gross margin percentage, and how he uses it as part of his damage analysis, without disclosing the actual total revenues, gross profits, and operating profits; and for the avoidance of doubt, Samsung expressly reserves the right to challenge any and all aspects of Mr. Weinstein's use of the Samsung 38% gross margin figure set forth in paragraph 127 of the 10-6-14 Weinstein Samsung Report;

   b. Testimony regarding Samsung's sales and market share outside the U.S. – including, but not limited to, paragraphs 16 and 17, the second through fourth

sentences of paragraph 130, the first, second, and third sentences of paragraph 131, paragraph 134, and the chart on p. 8;

c. Testimony regarding non-accused Samsung products – including, but not limited to, paragraph 51;

d. Provided, however, that the citations to source material contained in the paragraphs or footnotes is not withdrawn as source material that Mr. Weinstein considered.

4. Samsung hereby withdraws Sections VII, VIII, and IX of Samsung's Daubert Motion.

**IT IS SO STIPULATED.**

Dated: January 15, 2015  /s/ Rebecca R. Hermes

Michael C. Smith
Texas Bar No. 18650410
michaelsmith@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
113 E. Austin Street
P.O. Box 1556
Marshall, Texas 75671
Tel: (903) 938-8900
Fax: (903) 767-4620

Jeffrey K. Sherwood
Texas Bar No. 24009354
SherwoodJ@dicksteinshapiro.com
Frank C. Cimino, Jr.
CiminoF@dicksteinshapiro.com
Daniel G. Cardy
CardyD@dicksteinshapiro.com
Ji Young Park
ParkJ@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201

Gerard A. Haddad
HaddadG@dicksteinshapiro.com
Jennifer BianRosa
BianRosaJ@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019
Tel: (212) 277-6500
Fax: (212) 277-6501

Jesse J. Jenner
jesse.jenner@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 596-9000
Fax: (212) 596-9090

Gabrielle E. Higgins

gabrielle.higgins@ropesgray.com
Rebecca R. Hermes
rebecca.hermes@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
Tel: (650) 617-4000
Fax: (650) 617-4090

Attorneys for Defendants
Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc.,
Samsung Telecommunications America, LLC,
and Samsung Austin Semiconductor, LLC


*/s/ Amir Alavi* _____

Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Eric J. Enger (Texas Bar No. 24045833)
eenger@hpcllp.com
Miranda Y. Jones (Texas Bar No. 24065519)
mjones@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Demetrios Anaipakos (Texas Bar No. 00793258)
danaipakos@azalaw.com
Amir Alavi (Texas Bar No. 00793239)
aalavi@azalaw.com
Steven J. Mitby (Texas Bar No. 24037123)
smitby@azalaw.com
Brian E. Simmons (Texas Bar No. 24004922)
bsimmons@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713- 655-1101
Facsimile: 713-655-0062

T. John Ward, Jr., State Bar No. 00794818
jw@wsfirm.com
WARD & SMITH LAW FIRM
1127 Judson Rd, Ste. 220
Longview, Texas 75601
Telephone (903) 757-6400
Facsimile (903) 757-2323
Attorneys for REMBRANDT WIRELESS
TECHNOLOGIES, LP

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2015, a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

By: */s/ Rebecca R. Hermes*
Rebecca R. Hermes