# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT WIRELESS TECHNOLOGIES, LP | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:13-CV-213 |
| SAMSUNG ELECTRONICS CO. LTD.; SAMSUNG ELECTRONICS AMERICA, LLC; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; AND SAMSUNG AUSTIN SEMICONDUCTOR, LLC. | § § § § § § § § | |
| Defendants. | § § § | |

## PLAINTIFF REMBRANDT'S SUPPLEMENTAL MOTION *IN LIMINE* REGARDING USE OF DR. PAUL SCHNECK'S TESTIMONY

## I. INTRODUCTION

Rembrandt's previously-filed motion *in limine* no. 15 requested that Samsung be prohibited from referring to or using 30(b)(6) deposition testimony of a corporate representative on topics for which the corporate representative was not previously designated (and thus was not able to answer) to impeach that corporate representative. Dkt. No. 197, p. 10. As stated in that motion, the probative value of such deposition testimony to impeach a corporate representative is outweighed by the danger of unfair prejudice, confusion of the issues, and wasting time. *Id.* At the pretrial conference, the Court heard argument on that motion and requested supplemental briefing for its applicability to Rembrandt's Chairman, Dr. Paul Schneck. Ex. 1 (Pretrial Conference Transcript), pp. 85-93. Pursuant to that request, which was subsequently memorialized in the Court's minute entry for the hearing (Dkt. No. 226, p. 2), Rembrandt files this supplemental motion *in limine* regarding the use of Dr. Schneck's deposition testimony.

## II. BACKGROUND FACTS

Samsung served three deposition notices pursuant to Rule 30(b)(6) requiring Rembrandt and its corporate affiliates to designate one or more of their officers to testify on the companies' behalf. Ex. 2 (Depo Notices). Those deposition notices included more than seventy-five topics, which can be grouped into two basic categories: (1) technical topics, *e.g.*, prosecution of the patents-in-suit, conception, diligence, and reduction to practice of the claimed inventions and (2) damages topics, *e.g.*, Rembrandt's corporate structure, including all parent entities and subsidiaries, and the business operations of Rembrandt and its parent entities. *Id.* Subject to its objections, Rembrandt designated Dr. Schneck (a Ph.D. engineer) to testify on behalf of Rembrandt as to the technical topics, and Mr. Derek Wood (a corporate counsel) to testify on behalf of Rembrandt as to the damages topics. Ex. 3 (Enger 8/20/14 email); Ex. 4 (Enger 8/27/14 email); Ex. 5 (Schneck

Depo), pp. 10:25-12:23. Notwithstanding Rembrandt's designations, Samsung spent the majority of Dr. Schneck's deposition questioning him on damages topics; of the 188 pages of deposition, just 55 pages (less than 1/3) of them covered the technical topics for which Dr. Schneck was designated. *See* Ex. 5. For example, Samsung questioned Dr. Schneck on damages issues such as the Rembrandt corporate structure (12:25-15:7, 119:5-122:11), Rembrandt's investors (17:18-23), the purpose behind Rembrandt's formation (18:4-19:16), Rembrandt's acquisition of the patents-in-suit (22:7-25:16), Rembrandt's business rationale for investing in patent portfolios (68:9-71:2), and Rembrandt's business model (104:21-118:7). *Id.*

Rembrandt's counsel timely objected to each of these lines of questioning as being outside the scope of the deposition. Ex. 5. Samsung's counsel further agreed to a running objection as to all topics that were outside the scope of the deposition. *Id.* at 15:16-21.

Because so much of Samsung's questioning was for topics outside the scope of the deposition, Dr. Schneck (not surprisingly) could not answer many of them. Instead, he referred Samsung's counsel to the forthcoming deposition testimony of Mr. Wood—the properly designated corporate representative—for answers to those questions. For example:

> Q: Does Rembrandt IP Management have an ownership interest in Rembrandt Wireless?
> COUNSEL: Object as to form and outside the scope of these deposition topics.
> A: I need to ask the guys that do that. Derek Wood would be the one to respond to that question. I am not up to date on the specifics. (Ex. 5 at 14:3-12)
>
> \*         \*         \*         \*         \*
>
> Q: Do you know what the purpose was to form the company known as Rembrandt Wireless?
> COUNSEL: Objection. Form. Outside the scope of these deposition topics.
> A: I need to point you to Derek Wood.
> Q: What line of business is Rembrandt Wireless in?

>    COUNSEL: Object to the form. Outside the scope.
> A: I am not prepared to respond to that. Please ask Derek Wood. (Ex. 5 at 18:4-19)

\*    \*    \*    \*    \*

> Q: Before you made an investment like the one you made in Zhone, do you – do you, Rembrandt, have to report to any investors in Rembrandt to tell them, you know, "We are going to be" – "We are considering, you know, acquiring this portfolio. Here is what we are going to pay, and here is what we think we might make from it."
>    COUNSEL: Objection. Outside the scope of these topics.
> A: I will leave that one to Derek Wood. I can't answer that one. (Ex. 5 at 72:17-73:5)

At trial, Rembrandt intends to designate Dr. Schneck as its corporate representative. As such, Dr. Schneck will testify on behalf of the company in accordance with the full scope of Rembrandt's corporate knowledge on technical and damages topics, which is reflected by both Dr. Schneck's 30(b)(6) testimony and the 30(b)(6) deposition testimony of Mr. Wood. Rembrandt expects Samsung will ask Dr. Schneck questions on damages issues—questions which were outside the scope of Dr. Schneck's knowledge at the time of his deposition. When he answers, Samsung likely will try to impeach his trial testimony as inconsistent with his deposition testimony. Such impeachment will make Dr. Schneck seem as if he is hiding the truth and/or generally unknowledgeable. Rembrandt seeks appropriate relief from the Court.

**III.    ARGUMENT**

As the trial corporate representative for Rembrandt, Dr. Schneck acts as Rembrandt's agent and testifies vicariously for Rembrandt as to the entirety of its knowledge and perceptions. *Brazos River Auth. V. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. Tex. 2006). Accordingly, "if a certain fact is within the collective knowledge or subjective belief of [Rembrandt], [Dr. Schneck] should be prepared on the issue by [Rembrandt], and allowed to testify as to it, even if

3

it is not within his direct personal knowledge."[1] *Id.*

There is nothing improper about Dr. Schneck acting as Rembrandt's corporate representative at trial and, if cross-examined, testifying about Rembrandt's position on damages issues. Indeed, "there is nothing in the rule which prohibits a corporation from adopting the testimony or position of another witness in the case [such as the damages-related testimony of Mr. Wood], though that would still require a corporate designee to formally provide testimony that the corporation's position is that of another witness." *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012). And this is exactly what Dr. Schneck has done; he formally provided testimony that Rembrandt's corporate positions on damages issues were that of Mr. Wood and, at trial, he intends to adopt Mr. Wood's testimony. Rembrandt's trial corporate representative, Dr. Schneck, must be permitted during cross-examination to testify about Rembrandt's positions on damages issues.

Samsung should not be allowed to impeach Rembrandt at trial by making its trial corporate representative, Dr. Schneck, seem as if he is hiding the truth and/or that Rembrandt is unknowledgeable on damages issues. "If [Samsung] wants to impeach the corporation at trial, [Samsung] must impeach the corporation, not the witness that the corporation designated" at the time of the deposition. *Peshlakai v. Ruiz*, 2014 U.S. Dist. LEXIS 14278 (D. N.M. Jan. 9, 2014). This Court recognized this very principle during the pretrial conference:

> Well, if Dr. Schneck was asked questions at his deposition and the deposition was just a 30(b)(6) deposition and the topics in that 30(b)(6) deposition did not include the subject about which he was questioned, then the fact that he didn't know at

---

[1] Rembrandt expects Samsung's opposition to focus on the fact that Dr. Schneck testified not only in his capacity as Rembrandt's corporate representative on technical issues, but also in his personal capacity. Samsung will likely argue that it is improper for Dr. Schneck to testify at trial on damages issues beyond his personal knowledge. *Brazos River* squarely refutes that argument.

4

> that time would not impeach his later knowing if he testifies as a corporate representative at trial.

Ex. 1 (Pretrial Conference Transcript), p. 88.  Simply stated, it would be unduly prejudicial to Rembrandt and incredibly confusing for the jury if Samsung were permitted to impeach Rembrandt's trial corporate representative, Dr. Scheck, using deposition testimony for which he was not the corporate representative.

## IV.   CONCLUSION

For the foregoing reasons, Rembrandt respectfully requests that the Court prohibit Samsung from impeaching Dr. Schneck using his deposition testimony relating to topics for which he was not at that time designated as Rembrandt's corporate representative.

**DATED**: January 26, 2015

Respectfully submitted,

By: */s/ Eric J. Enger*
Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Eric J. Enger (Texas Bar No. 24045833)
eenger@hpcllp.com
Miranda Y. Jones (Texas Bar No. 24065519)
mjones@hpcllp.com
Blaine A. Larson (Texas Bar No. 24083360)
blarson@hpcllp.com
**HEIM, PAYNE & CHORUSH, L.L.P.**
600 Travis Street, Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Demetrios Anaipakos (Texas Bar No. 00793258)
danaipakos@azalaw.com
Amir Alavi (Texas Bar No. 00793239)
aalavi@azalaw.com
Steven J. Mitby (Texas Bar No. 24037123)
smitby@azalaw.com
Brian E. Simmons (Texas Bar No. 24004922)
bsimmons@azalaw.com
**AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.**

5

        1221 McKinney Street, Suite 3460
        Houston, TX 77010
        Telephone: 713- 655-1101
        Facsimile: 713-655-0062

        T. John Ward, Jr., State Bar No. 00794818
        jw@jwfirm.com
        **LAW OFFICE OF T. JOHN WARD, JR., P.C.**
        111 W. Tyler St.
        Longview, Texas 75601
        Telephone (903) 757-6400
        Facsimile (903) 757-2323

        *Attorneys for REMBRANDT WIRELESS TECHNOLOGIES, LP*

## CERTIFICATE OF SERVICE

I hereby certify that the following was served to all counsel of record via CM/ECF on January 26, 2015.

        */s/ Eric J. Enger*