**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT WIRELESS TECHNOLOGIES, LP, | § § § | |
| v. | § § | CASE NO. 2:13-CV-213-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., et al. | § § § | |

## ORDER REGARDING MOTIONS IN LIMINE

Before the Court are Plaintiff's Motions in *Limine* (Dkt. No. 197) and Defendants' Motions in *Limine* (Dkt. No. 204). The Court rules as follows.

**Plaintiff's Motions in Limine (Dkt. No. 197)**

1. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding Rembrandt's status as a non-practicing entity that has been, and is, involved in patent lawsuits though it does not manufacture products or practice the patents-in-suit. In particular, Rembrandt seeks an order prohibiting Samsung from making derogatory, disparaging, and/or pejorative references to Rembrandt—or Rembrandt's representatives and employees—by, for example, using any of the following or similar terms: "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "stick up," "hold up," "shakedown," "playing the lawsuit lottery," "patent assertion entity," "a company that doesn't make anything," or "a company that doesn't sell anything."

   **Granted.** This *limine* shall **not** prevent Defendants from arguing that Plaintiff is a patent assertion entity that does not manufacture or sell products in this field. This *limine* does **not** prohibit Defendants from characterizing Plaintiff as an entity that licenses and litigates, so long as those terms are used in conjunction with one

another. Should Defendants violate the parameters of this *limine*, they may open the door for Plaintiff to make similar references about the Samsung-related entity—*Intellectual Discove*ry—as referenced in Defendants' Motion in *Limine*. (Motion No. 14, Dkt. No. 204 at pp. 14–15.)

2. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony referring negatively or disparagingly to Rembrandt's corporate structure, including use of pejorative terms such as "corporate shells" or "litigation shells" or making implications of any nefarious purpose behind Rembrandt's corporate structure or name changes.

    **Granted** except as to the ownership history of the asserted patents.

3. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding litigation brought by Rembrandt involving patents unrelated to the patents-in-suit or references to Rembrandt as "litigious."

    **Granted**. This *limine* shall apply to both Plaintiff and Defendants and excludes references to other litigation as to either party except with respect to matters that relate to licenses that become involved in the case.

4. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony suggesting that directed prosecution (*i.e.*, drafting claims in a continuation or continuation-in-part application to cover an existing product) is impermissible or wrong.

    **Denied**. To the extent necessary, the parties may address this matter in the jury instructions.

5. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony suggesting that the patents-in-suit: (a) are limited to modems; or (b) do not encompass wireless networks.

    **Denied** in view of Defendants' representation that they will not take such positions that contradict this Court's Claim Construction Memorandum and Order (Dkt. No. 114).

6. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony pertaining to the *pro rata* allocation of the $5 million portfolio price to individual patents during the acquisition of the patents-in-suit.

    **Granted under Rule 403**. This *limine* includes a prohibition from showing any parts of the agreement that relate to the *pro rata* allocation of the patent portfolio.

7. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding Samsung's patents or suggesting that a patent or patent application is a general defense to infringement.

    **Granted by party agreement**. This *limine* does **not** foreclose testimony regarding general information that Samsung has its own patents.

8. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony suggesting that the PTO—or its examiners—are overburdened, incompetent, or overlook references, as well as any reference to "bad" patents or any similar pejorative term.

**Granted**. This *limine* shall **not** prevent Samsung from making generalizations that the examiner was in error or on general matters regarding invalidity.

9. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding the person(s) who are indirect owners of Rembrandt or improper character evidence relating to the indirect owners of Rembrandt.

    **Granted** as to individuals with an ownership interest in Rembrandt (*e.g.*, shareholders). This *limine* shall **not** prevent Defendants from eliciting testimony that any witness is a shareholder.

10. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding the fact that testimony or opinions offered by Mr. Roy Weinstein may have been excluded or found to be unreliable in any other lawsuits.

    **Granted**. This *limine* does **not** prevent references to the fact Mr. Weinstein has testified in previous cases nor does it prevent references to how long Mr. Weinstein has served in the capacity as an expert so long as there is no numerical component regarding the frequency with which he has previously testified in that capacity. To the extent Plaintiff does not elicit testimony or proffer evidence that Mr. Weinstein has been accepted by other courts, Defendants similarly shall not elicit testimony or proffer any evidence from other cases where his testimony was limited or excluded.

11. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding royalties that allegedly must be paid or other unidentified

patents must be practiced to sell products compliant with the Bluetooth + EDR Specification.

**Denied**.

12. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding contingent fees, fees incurred, the retention/fee agreements of any party's counsel in this case, and any fees obtained or potentially obtained by counsel as a result of this case.

    **Granted** as to the financial interest of counsel, however, this limine does **not** apply to testifying witnesses' financial interests.

13. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony suggesting that a damage award in this case (or damage awards generally) may drive up the price of products, put manufacturers out of business, or cause jobs to be lost should be excluded.

    **Granted** as to any evidence or argument suggesting a certain damage award in this case would threaten the financial viability of Defendants or impact their employees or customers.

14. Motion to preclude Defendants from any reference, suggestion, evidence, testimony, opinion, or argument that contradicts in any way the 30(b)(6) deposition testimony of a defendant's witness.

    **Denied**. Plaintiff's concerns can be adequately addressed on cross-examination or through a request for limiting instruction to the jury if deemed necessary.

15. Motion to preclude Defendants from impeaching a corporate representative with 30(b)(6) testimony outside the scope of topics for which a corporate representative was designated.

    **Denied**.

16. Motion to preclude Defendants from offering any evidence and arguments related to RANDZ: Any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding the Bluetooth RANDZ (or RAND Zero) policy, including Samsung's proposed trial exhibit DX 1255 ("Bluetooth Patent/Copyright License Agreement"), which is the form Bluetooth SIG RANDZ license.

    **Denied**.

17. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony relating to the alleged relative importance of the claim elements of any of the claims of the patents- in-suit.

    **Denied**. Plaintiff's concerns can be adequately addressed in the jury instructions if Plaintiff perceives Defendants' characterizations as giving a false impression of the law.

18. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding the existence of prior claims or causes of action that have been dismissed, abandoned, or dropped by Rembrandt, including the fact that such claims or causes of actions were previously asserted but have been dismissed, abandoned, or dropped.

|   |   |
|---|---|
|   | **Granted** as to fact that Plaintiff has narrowed the claims asserted throughout this litigation, but not excluding any of the prosecution history of the patents before the USPTO. |
| 19. | Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony suggesting that products or parties not accused of infringement in this case do not infringe the patents-in-suit. |
|   | **Granted** as to any testimony or argument that the fact that some product was not accused means that it does not infringe. |
| 20. | Motion to preclude Defendants from any evidence or reference relating to any claim of privilege. |
|   | **Granted** to the extent that if Plaintiff or Defendants seek to offer evidence as to which an unresolved claim of privilege has been asserted, they shall first seek leave to approach the bench. |
| 21. | Motion to preclude Defendants from any evidence or reference regarding subject matter that is privileged. In particular, counsel shall not ask questions that would reasonably be anticipated to elicit testimony or privileged subject matter. |
|   | **Granted** to the extent that if Plaintiff or Defendants seek to offer evidence as to which an unresolved claim of privilege has been asserted, they shall first seek leave to approach the bench. |
| 22. | Motion to preclude Defendants from any reference to Rembrandt's connection to Texas, or lack thereof, including but not limited to the amount or type of business conducted in Texas or the length of time Rembrandt has had activities in Texas. |

**Granted**. This *limine* shall **not** limit the parties from providing general discussions regarding the parties' respective locations if those locations are relevant to facts at issue or developing factual evidence about where a witness lives or works. This *limine* further shall **not** limit Defendants' ability to inquire as to Plaintiff's connections with Texas if Plaintiff suggests such ties.

23. Motion to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony comparing the accused devices to prior art. It would be improper for Samsung to argue that the accused products do not infringe merely because they practice the prior art.

    **Granted** as to arguments that Defendants do not infringe because they practice the prior art. This *limine* shall **not** impair Defendants' right to present their invalidity defenses based on anticipation or obviousness.

24. Motion to preclude Defendants from any reference to or evidence regarding any prior art that was not properly disclosed in Samsung's invalidity contentions. This includes any prior art or invalidity theories that were not specifically charted and/or not timely disclosed pursuant to the relevant deadlines for this particular case.

    **Denied** for the reasons set forth in this Court's Order (Dkt. No. 227) denying Plaintiff's Motion to Strike Portions of the Invalidity Report of Dr. David Goodman ("Motion to Strike"). (Dkt. No. 165.)

25. Motion to preclude Defendants from any testimony from—or evidence related to—Samsung's untimely-designated witness, Chris Pickering.

    **Granted by party agreement**.

**Defendants' Motions in Limine (Dkt. No. 204)**

1. Motion to exclude Rembrandt's settlement and standstill agreement with Blackberry and any testimony regarding it.

    **Denied** for the reasons set forth in this Court's Order (Dkt. No. 243) denying Defendants' Motion to Exclude Opinions of Roy Weinstein ("Motion to Exclude") (Dkt. No. 189). In lieu of sealing the Court, the parties are hereby **ORDERED** to not discuss the amount of this agreement.

2. Motion to exclude Samsung's Agreements with Mosaid and Wi-Lan and any testimony regarding them or testimony to condition the jury to a particular range or amount for damages.

    **Granted** as to the amounts of these agreements but **denied** as to remaining parts. Rembrandt may rely on these agreements so long as the amounts for these licenses are redacted from the agreements. Rembrandt may, after seeking leave to approach the bench, introduce evidence of these license amounts if Samsung opens the door by making arguments to the effect that it does not take licenses for non-trivial amounts.

3. Motion to exclude evidence of Samsung's size, wealth, total revenues or profits.

    **Granted** subject to the provisions of the parties' stipulations. *See* (Dkt. No. 222, p. 2 at ¶ 3.a.) (detailing the subjects to which Mr. Weinstein shall not testify including, but not limited to, Samsung's total revenues, gross profits, and operating profits).

4. Motion to exclude reference to Samsung's foreign status or the absence of any Samsung witnesses at trial.

    **Granted** only as to foreign status. This *limine* shall **not** limit the parties from providing general discussions regarding the parties' respective locations if those

locations are relevant to facts at issue or developing factual evidence about where a witness lives or works. This *limine* further shall **not** limit Plaintiff's ability to inquire as to the foreign status of Samsung or its witnesses if such inquiry is connected to an issue where nationality is relevant.

**Denied** as to the absence of witnesses at trial.

5. Motion to exclude evidence of Samsung's sales and market share outside the US.

   **Withdrawn by Defendants** as duplicative of Samsung's Motion to Exclude Opinions of Roy Weinstein. (Dkt. No. 189.)

6. Motion to exclude reference to non-accused Samsung products.

   **Withdrawn by Defendants** as duplicative of Samsung's Motion to Exclude Opinions of Roy Weinstein. (Dkt. No. 189.)

7. Motion to exclude witnesses not listed on Rembrandt's Rule 26(a) Disclosures and who did not provide expert reports.

   **Granted** as to exclude Phillip Koopman; **Denied** as to exclude Stuart Kerry; **Withdrawn** as to any other witnesses.

8. Motion to exclude hearsay testimony from Rembrandt's expert Dr. Akl.

   **Granted** to the extent Dr. Akl will not be permitted to refer to what Dr. Koopman or Dr. Kerry told him (unless the door is opened on cross-examination, and after approaching the bench) but Dr. Akl can rely upon those conversations as a basis of his opinion. Dr. Akl may refer to the fact that he met with Dr. Koopman and Dr. Kerry when listing the matters he considered.

9. Motion to preclude Rembrandt's experts from applying a special, restrictive definition of "master."

   **Withdrawn by Defendants.**

10. Motion to exclude any assertion of Doctrine of Equivalents.

    **Withdrawn as agreed by parties** through Plaintiff's representation that it will not present a Doctrine of Equivalents infringement theory.

11. Motion to exclude evidence of the non-institution of any IPRs.

    **Granted** as to the denial of Samsung's IPR petitions. However, Samsung is instructed to avoid argument, testimony, or implication intended to represent to the jury that the prior art references in question were not considered by the United States Patent and Trademark Office or the examiner. If Samsung, either expressly or implicitly, leads the jury to believe that this is the first time the relevant references have been evaluated, the Court will permit Plaintiff to rebut this line of argument by producing evidence of the PTAB's action on Samsung's non-instituted IPR petitions.

12. Motion to exclude evidence of the Court's Order denying leave to file certain motions for summary judgment.

    **Granted by agreement.**

13. Motion to exclude any mention of spoliation or destruction of documents.

    **Granted**. The parties are directed to not make any argument to the jury during *voir dire* or opening statement as to any purported spoliation or destruction of documents. This *limine* shall **not** preclude Plaintiff from inquiring as to the existence, maintenance, or production of, Bluetooth-related documentation.

14.         Motion to exclude evidence relating to Samsung's investment in *Intellectual Discovery*.

        **Granted**. This *limine* shall **not** prevent Plaintiff from arguing or eliciting testimony relating to Samsung's investment in *Intellectual Discovery* to the extent Defendants offer argument, evidence, or testimony contrary to Plaintiff's Motion in *Limine*, No. 1. *See* (Dkt. No. 197) (restricting Defendants' comments or testimony regarding Rembrandt's "status as a non-practicing entity").

**SIGNED this 30th day of January, 2015.**

        */s/ Roy S. Payne*
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE