## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

REMBRANDT WIRELESS  
TECHNOLOGIES, LP  

v.  

SAMSUNG ELECTRONICS CO. LTD., ET  
AL.

§  
§  
§  
§  
§  
§  
§  
§

Case No. 2:13CV213-JRG-RSP

### REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO MARK

Before the Court is Defendants' Motion for Summary Judgment of No Damages Prior to the Filing Date of the Complaint for Failure to Mark (Dkt. No. 167, "Motion for Summary Judgment"). For the following reasons, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment be **DENIED**.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Rembrandt Wireless Technologies, LP ("Rembrandt") is the assignee and owner of United States Patent No. 8,023,580 ("the '580 Patent"). (Dkt. No. 84 at ¶ 2, "Third Amended Complaint.") In its Third Amended Complaint, Rembrandt accused Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, LLC, Samsung Telecommunications America, LLC, and Samsung Austin Semiconductor, LLC, *inter alia*, of infringement of the '580 Patent. (*Id*. at ¶ 14.)

Defendants contend Plaintiff should be barred from recovering damages for alleged infringement that occurred before the complaint was filed in this matter because Plaintiff's licensee, Zhone Technologies, Inc., sold products that purportedly practice one of the asserted patents, but did not mark those products with the patent number as required by 35 U.S.C. § 287. (Mot. at 1.)

**APPLICABLE LAW**

### I.    Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED.R.CIV.P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)

(citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142

(1970)). Summary judgment is proper when there is no genuine issue of material fact. *Celotex v.*

*Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "By its very terms, this

standard provides that the mere existence of some alleged factual dispute between the parties will

not defeat an otherwise properly supported motion for summary judgment; the requirement is

that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48. The substantive

law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will

not defeat a motion for summary judgment. *Id*. at 248. A dispute about a material fact is

"genuine" when the evidence is "such that a reasonable jury could return a verdict for the

nonmoving party." *Id*.

The moving party must identify the basis for granting summary judgment and identify the

evidence demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant bears the burden of proof on an issue at trial, then the movant "must establish

beyond peradventure all of the essential elements of the claim or defense to warrant [summary]

judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

### II.    Marking Statute

A patentee may not recover damages for infringement that occurred before the patentee

gave constructive or actual notice of its patent rights. 35 U.S.C. § 287(a); *Sentry Prod., Inc. v.*

2

*Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). Constructive notice is given once the patentee consistently marks substantially all of its patented products. *Sentry*, 400 F.3d at 918 (internal quotations and citations omitted). The marking statute specifies several ways in which a patented product may be marked. 35 U.S.C. § 287(a). For example, a product may be marked by affixing the word "patent," or the abbreviation "pat.," along with the number of the patent. *Id*. Constructive notice is required to be given if the patentee makes, offers for sale, sells or imports patented product in the United States. *Id*. If the patentee fails to give the required constructive notice, then the patentee may only recover damages after actual notice is given. However, "[t]he recovery of damages is not limited where there is no failure to mark, *i.e.,* where the proper patent notice appears on products or where there are no products to mark." *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002). The marking requirement also extends to any licensees, and the patentee must ensure that all of its licensees properly mark their patented products. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). If a patentee's alleged failure to mark "is caused by someone other than the patentee, the court may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements." *Id*. at 1111–12.

"Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). The notice "must be sufficiently specific to support an objective understanding that the recipient may be an infringer." *Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010). The filing of an infringement action provides such notice. 35 U.S.C. § 287(a). The patentee must prove its compliance with the marking statute by a preponderance of the evidence. *Nike, Inc. v. Wal–Mart Stores, Inc..*, 138

F.3d 1437, 1446 (Fed. Cir. 1998). Compliance with the marking statute is a question of fact. *Gart*

*v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001).

## DISCUSSION

Defendants argue they are entitled to summary judgment on the issue of marking because

Zhone Technologies, Inc. ("Zhone"), Plaintiff's licensee, sold wireless routers implementing the

IEEE 802.11g Wi-Fi ("802.11g") standard before the filing of this lawsuit in 2013. (Mot. at 4.)

Specifically, Defendants argue the '580 Patent involves Bluetooth Enhanced Data Rate ("EDR")

technology encompassing a dual-modulation method for modulating the payload of data

transmissions. (*Id*. at 5.) Defendants further contend "802.11g works the same way" as the

modulation techniques described in the '580 Patent and that minimally, claim 40 of the '580

Patent covers this technology. (*Id*. at 5, 7–8). Defendants conclude, therefore, the routers Zhone

sold that comply with the 802.11g standard required marking pursuant to 35 U.S.C. § 287. (*Id*.)

Plaintiff does not dispute that its licensee Zhone sold unmarked products that implement

the 802.11g standard. (Opp. at 1.) Rather, Plaintiff disputes whether the statute requires the

marking of Zhone products complying with the 802.11g standard based on: (i.) an explicit

disclaimer of claim 40 of the '580 Patent; and (ii.) the scope of the remaining claims of the '580

Patent. *See, e.g.,* (*id*. at 5–8) (arguing the disclaiming of claim 40 removes the marking statute's

applicability as to any products covered by it); (*id*. at 8–13) (setting forth various grounds as to

why a genuine issue of material fact exists regarding the scope of coverage for the remaining

claims vis-à-vis the 802.11g-compliant products).

## I.    Claim 40

Regarding claim 40, although Plaintiff concedes Zhone sold unmarked products that

implement the 802.11g standard as they relate to claim 40 of the '580 Patent (Opp. at 1), it

argues claim 40 must be treated as though it had never existed given Plaintiff's recent disclaimer

of the claim. (*Id*. at 5–7) (arguing no marking obligation arises even if Samsung could establish that articles sold were covered by disclaimed claim 40). Moreover, Plaintiff argues even if claim 40 were not disclaimed, marking is not required because claim 40 is "separate and distinct" from the remaining claims of the '580 Patent that do not cover the 802.11g products.[1] (*Id*. at 13–14.)

Defendants argue the disclaimer does not vitiate the marking requirement, the claim-by-claim analysis is improper, and the claims are not separate and distinct as Plaintiff contends. (Reply at 3–5.) Defendants further argue there are no exceptions to the marking statute for claims that have been subsequently disclaimed by a patentee. (*Id*. at 3.) Plaintiff argues an exception does apply, and further cites to a case[2] in which another district court held the marking statute may be applied on a claim-by-claim basis if the claimed inventions were separate and distinct. (Opp. at 13.) Defendants urge that this case is not controlling, and may be distinguished on its facts. (Reply at 4.)

Under Federal Circuit precedent, a disclaimed patent claim is treated as if it never existed.[3] Neither party has provided any controlling legal authority contrary to this general approach specifically in the context of a marking analysis. Because Defendants have failed to establish their entitlement as a matter of law to the relief for which they seek, their motion must fail. Given this finding, the Court need not reach the issue of whether the patent must be

---

[1] The Court notes Plaintiff's "separate and distinct" argument presupposes a claim-by-claim marking analysis. This claim-by-claim marking analysis is discussed in greater detail below under this heading.

[2] *See Toro v. McCulloch Corp.*, 898 F.Supp. 679, 685 (D. Minn. 1995) ("[T]he Court finds that § 287(a) does not limit recovery in an action when an unmarked article, which has been made or sold, contains one of the inventions disclosed in the patent but does not contain the invention of the predicate suit.").

[3] *See, e.g.*, *Genetics Inst., LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("Disclaiming particular claims under § 253 'effectively eliminate[s] those claims from the original patent.' . . . In other words, upon entry of a disclaimer under § 253, we treat the patent as though the disclaimed claim(s) had 'never existed.'") (quoting *Vectra Fitness, Inc. v. TNWK Corp.*, 162 F.3d 1379, 1383 (Fed.Cir.1998)) (internal citations omitted).

analyzed on a claim-by-claim basis as Plaintiff suggests.[4] Accordingly, it is recommended that Defendants' Motion for Summary Judgment be denied as to its theories on claim 40.

## II.      The Remaining Claims

Regarding the remaining claims of the '580 Patent, Plaintiff argues Defendants' evidence regarding claim 40 cannot be the basis of a well-pleaded summary judgment motion with respect to any of the other claims. (Opp. at 8–9.) Specifically, Plaintiff points to various aspects of the '580 Patent's claims in which the claims purportedly do not cover the 802.11g standard.[5] Defendants offer very little—if any—evidence to refute the factual distinctions drawn by Plaintiff as to the remaining claims of the '580 Patent. *See generally* (Mot. at 7–8) (focusing arguments on exemplary claim 40); (Reply at 1) (same).

Viewing the evidence offered by the parties in light most favorable to the non-movant, the Court finds such distinctions—whether ultimately found by the jury to be persuasive or not— sufficient to create a genuine issue of material fact as to whether or not the Zhone products were required to be marked. A jury considering Plaintiff's evidence might reasonably conclude that none of the remaining claims of the '580 Patent cover the 802.11g standard as incorporated in the Zhone routers. Accordingly, it is recommended Defendants' Motion for Summary Judgment be similarly denied as to these remaining claims as well.

---

[4] Nevertheless, were this Court to adopt the claim-by-claim analysis as set forth by *Toro*, given the summary judgment standard requires the Court to view the evidence offered by the parties in light most favorable to the non-moving party, the Court concludes a genuine issue of material fact would still remain as to whether or not the claims of the '580 patent are separate and distinct. The Court notes, however, it takes no position on whether or not a claim-by-claim marking analysis would be proper under these facts.

[5] *See, e.g.*, (Opp. at 10-11) (identifying particular differences between the modulation types claimed in the '580 Patent with modulation types of the 802.11g standard); (*id.* at 11) (contrasting the requirement of a master/slave relationship claimed in the '580 Patent with the 802.11g standard); (*id.* at 10-11) (distinguishing the requirement of a multipoint communication relationship/protocol claimed in the '580 Patent with the 802.11g standard); (*id.* at 11-12) (comparing the reversion requirement claimed in the '580 Patent with those of the 802.11g standard).

## CONCLUSION

For the foregoing reasons, Defendants have failed to meet their burden that they are entitled to judgment as a matter of law. Accordingly, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment (Dkt. No. 167) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by no later than February 19, 2015** shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. FED.R.CIV.P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**Signed this date.**

**Feb 5, 2015**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE