IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| REMBRANDT WIRELESS TECHNOLOGIES, LP, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CASE NO. 2:13-cv-213-JRG |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG AUSTIN SEMICONDUCTOR, LLC, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Samsung Defendants' ("Samsung") Rule 50(b) Renewed Motion for Judgment as a Matter of Law and/or Rule 59(a) Motion for New Trial on Liability Issues (Dkt. No. 329 ("Mot.")). The Court heard argument on November 3, 2015. For the reasons set forth below, Samsung's Rule 50(b) Renewed Motion for Judgment as a Matter of Law and/or Rule 59(a) Motion for New Trial on Liability Issues is **DENIED**.

### I. BACKGROUND

The Court held a jury trial in this case. The jury returned a verdict on February 13, 2015. The asserted claims of U.S. Patent No. 8,023,580 ("'580 Patent") and U.S. Patent No. 8,457,228 ("'228 Patent"), the two patents-in-suit, involve a system in which devices can communicate with each other on the same network using different modulation methods. The jury returned a unanimous verdict that the asserted claims were infringed and not invalid, and it awarded $15.7 million in damages to Plaintiff Rembrandt Wireless Technologies, LP ("Rembrandt"). ("Verdict", Dkt. No. 288.) Samsung now asserts that the jury did not have sufficient evidence for its findings.

## II. APPLICABLE LAW

### A. Applicable Law Regarding FED. R. CIV. P. 50

Upon a party's renewed motion for judgment as a matter of law following a jury verdict, the Court should properly ask whether "the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." FED. R. CIV. P. 50(b); *see also Am. Home Assur. Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008). "A JMOL may only be granted when, 'viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion.'" *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1261 (Fed. Cir. 2013) (quoting *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838 (5th Cir. 2004)).

Under Fifth Circuit law, a court is to be "especially deferential" to a jury's verdict, and must not reverse the jury's findings unless they are not supported by substantial evidence. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). "Substantial evidence is defined as evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000). A motion for judgment as a matter of law must be denied "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Baisden*, 693 F.3d at 498 (citation omitted). However, "[t]here must be more than a mere scintilla of evidence in the record to

prevent judgment as a matter of law in favor of the movant." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007).

In evaluating a motion for judgment as a matter of law, a court must "draw all reasonable inferences in the light most favorable to the verdict and cannot substitute other inferences that [the court] might regard as more reasonable." *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 451 (5th Cir. 2013) (citation omitted). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

### B. Applicable Law Regarding FED. R. CIV. P. 59

Under Federal Rule of Civil Procedure 59(a), a new trial can be granted to any party after a jury trial on any or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a). In considering a motion for a new trial, the Federal Circuit applies the law of the regional circuit. *z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1347 (Fed. Cir. 2007). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985). "The decision to grant or deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999).

## C. Applicable Law Regarding Infringement

To prove infringement under 35 U.S.C. § 271, a plaintiff must show the presence of every element, or its equivalent, in the accused product or service. *Lemelson v. United States*, 752 F.2d 1538, 1551 (Fed. Cir. 1985). First, the claim must be construed to determine its scope and meaning; and second, the construed claim must be compared to the accused device or service. *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1129 (Fed. Cir. 2011) (citing *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). "A determination of infringement is a question of fact that is reviewed for substantial evidence when tried to a jury." *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1311 (Fed. Cir. 2007).

## D. Applicable Law Regarding Validity

An issued patent is presumed valid. 35 U.S.C. § 282; *Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1304 (Fed. Cir. 2012). Samsung has the burden to show by clear and convincing evidence that the asserted claims were anticipated by or obvious over the prior art. *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011). To prevail on judgment as a matter of law, moreover, Samsung must show that no reasonable jury would have a legally sufficient evidentiary basis to find for the Plaintiff. FED. R. CIV. P. 50. "Generally, a party seeking to invalidate a patent as obvious must demonstrate by clear and convincing evidence that a skilled artisan would have had reason to combine the teaching of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success from doing so.'' *In re Cyclobenzaprine Hydrochoride*, 676 F.3d 1063 (Fed. Cir. 2012) (internal quotation marks omitted).

## III. ANALYSIS

### A. Non-Obviousness of the Patents-in-Suit

Samsung argues that it presented unrebutted, clear and convincing evidence that the asserted claims are invalid as obvious in view of U.S. Patent No. 5,706,428 ("Boer patent") in combination with other prior art and is therefore entitled to judgment as a matter of law as to obviousness. (Mot. at 3–4.) In particular, Samsung argues that its expert, Dr. Goodman, testified that all but two elements of the asserted claims, including the "different types" of modulation methods, were present in and disclosed by the Boer patent: 1) the use of a master/slave protocol and 2) the requirement in claim 21 of the '228 patent that an address be placed in the first portion of a transmission. (*Id.*) With regard to the use of the "master/slave protocol" and the larger issue of the disclosure of "different types" of modulation methods, Samsung argues that the Boer patent by itself, as well as in combination with the Lucent Press Release (DX1185), discloses the use of "different types" of modulation methods and that the Upender article (DX1190) in combination with the Boer patent discloses the use of the "master/slave protocol" described in the asserted claims. (*Id.* at 8–16.) As to the requirement in claim 21 of the '228 patent that an address be placed in the first portion of a transmission, Samsung argues that Dr. Goodman testified that this limitation would have been obvious because "placing the address in the header [was] 'a way of saving power'" and the limitation was disclosed in U.S. Patent No. 5,537,398 (the "Siwaik patent"). (*Id.* at 16–19.) Further, Samsung argues that Dr. Goodman provided unrebutted testimony on motivations to combine the identified prior art. (*Id.* at 4.)

Rembrandt responds by arguing that Samsung failed to show that prior art combinations identified disclosed the "different types" of modulation methods, as required by the asserted claims. (Dkt. No. 335 ("Resp.") at 7.) Rembrandt also argues that Samsung failed to show that it

would have been obvious to a person of ordinary skill in the art to combine the Boer patent with the Upender article for the use of the master/slave protocol, because Upender teaches against using the master/slave protocol. (*Id.* at 9–13.) Rembrandt further argues that, with respect to claims 2 and 59 of the '580 patent, Dr. Goodman's conclusory statement regarding the claimed "reversion" of the communication back to the first modulation method, as needed, failed to show by clear and convincing evidence that such a limitation existed in the prior art. (*Id.* at 13–15.) With regard to claim 21, Rembrandt argues that the Siwaik patent was non-analogous prior art that was previously considered by the PTO and that Samsung failed to show any disclosure of the "first information . . . first message address data" limitation in the prior art. (*Id.* at 15–16.) Finally, Rembrandt argues that Samsung failed to show that it would have been obvious to a person of ordinary skill in the art to combine all the different pieces of prior art necessary to disclose all elements of the asserted claims. (*Id.* at 17–18.)

For example, Dr. Morrow testified as follows regarding "different [modulation method] types":

> Q. Now, why are those GFSK frequency modulations and DPSK phase modulations we just talked about of a different type under the Court's construction?
>
> A. Well, they're different types, because they're in different families. You notice that frequency modulation is in the frequency family. The frequency is changed with the information. Phase modulation is in the phase family in that the phase is changed in accordance with the information. There are no overlapping characteristics between these two modulation types. So they're in different families and thus different types of modulation.

(2/10/2015 P.M. Trial Tr. (Morrow), Dkt. No. 291 at 18:13–24.)

Further, Dr. Goodman testified that all of the modulation methods disclosed in the Boer patent and the Lucent Press Release vary the "phase" characteristic of a carrier signal. *See* (2/11/2015 P.M. Trial Tr. (Goodman), Dkt. No. 296 at 17:8–13, 34:7–21; 53:1–54:13.)

6

Additionally, with respect to the Upender article, Dr. Goodman gave the following testimony:

> Q. (By Mr. Heim) And what is shown there, Dr. Goodman, are how polling rates were with respect to these particular conditions, correct?
>
> A. That's – that's what it says, yes.
>
> Q. And if we go to the bottom, the CSMA/CA, and if we highlight that, that row indicates how CSMA/CA fares with respect to those same conditions, correct?
>
> A. That's what they're presenting, yes.
>
> Q. And if we do a comparison between what they're showing for polling and what they're showing for CSMA/CA, fair to say that the CSMA/CA does better in almost every category, correct?
>
> A. Right. In their applications, yes.

(2/11/2015 P.M. Trial Tr. (Goodman), Dkt. No. 296 at 63:8–20.)

The jury was free to weigh the competing testimony and weigh the credibility of the witnesses. Ultimately, the jury agreed with Rembrandt's expert. After consideration of the admitted evidence, including evidence regarding whether the Boer patent and Lucent Press Release disclosed the limitations for which they are being relied upon, the jury found that the asserted patents were valid. *See* (2/11/2015 P.M. Trial Tr. (Goodman), Dkt. No. 296 at 17:8–13, 34:7–21; 53:1–54:13.) The Court will not substitute its judgment for that of the jury. Applying the clear and convincing standard, the jury found that the patents-in-suit were not invalid. The Court does not find that no reasonable jury could have found the asserted patents were valid based on the presented evidence. Accordingly, Samsung's Motion for Judgment as a Matter of Law in regard to obviousness is **DENIED**.

## B. The Construction of Modulation Methods "of a Different Type"

The Court previously addressed the issues of the proper construction of the terms,

"modulation method [] of a different type" and "different types of modulation methods," as raised by Samsung in this Motion. *See* (Dkt. No. 114 at 22–29). For the reasons set forth below, the Court declines to grant new trial on these re-urged issues of claim construction.

On July 10, 2014, the Magistrate Judge issued a substantial and carefully reasoned Claim Construction Memorandum Order and Opinion after carefully considering the Parties' arguments, the patent, and the proper intrinsic and extrinsic evidence. *See* (Dkt. No. 114). Now, after trial has completed and a verdict had been returned, Samsung seeks to reopen the claim construction issues previously addressed.

These issues have already received full and fair treatment. In the Claim Construction Order, the Magistrate Judge considered essentially the same arguments raised by Samsung in the current motion. *See* (Dkt. No. 114 at 22–24.) After considering both Parties' arguments and the language of the patent, the Magistrate Judge declined to adopt the **same** construction now put forward by Samsung. *See* (Dkt. No. 114 at 22.) That decision, when made, was not clearly erroneous or contrary to the law and has not since created such prejudicial error that new trial is warranted. Accordingly, Samsung's Motion for New Trial, based upon an allegedly incorrect claim construction, is **DENIED**.

C. **Judgment as a Matter of Law as to Non-Infringement of Claims 1, 19, 23, 29, 41, 52, and 58 of the '580 Patent and Claims 1, 26, 28, 29, 50, and 51 of the '228 Patent**

Samsung requests Judgment as a Matter of Law as to non-infringement of claims 1, 19, 23, 29, 41, 52, and 58 of the '580 patent and claims 1, 26, 28, 29, 50, and 51 of the '228 patent (collectively, the "dropped claims"). (Mot. at 28–30.) More specifically, Samsung argues that the claims were withdrawn on the eve of trial, and therefore, no evidence of infringement was presented on these dropped claims. (*Id.*) Rembrandt responds that the present motion is an improper vehicle for Samsung's request and is also untimely. (Resp. at 29–30.) In particular,

Rembrandt argues that these counter-claims of non-infringement were no longer live once Rembrandt filed notice of the dropped claims and thus, were never submitted to the jury. (*Id.*)

The Court finds that Samsung's request should be **DENIED**. Federal Rule of Civil Procedure 50 is clear that relief under this Rule may be appropriate only "**[i]f a party has been fully heard on an issue during a jury trial**" and if certain other conditions are met. FED. R. CIV. P. 50(a) (emphasis added). In this case, neither party was heard, let alone fully heard, on the issue of either infringement or non-infringement regarding the dropped claims. Accordingly, Rule 50 relief is inappropriate and Samsung's Motion is **DENIED** with regard to such dropped claims.

## IV. CONCLUSION

For the reasons set forth above, the Court finds no compelling basis upon which the jury's verdict with regard to liability should be disturbed. The jury's verdict in this respect is supported by substantial evidence and should stand unchanged by this Court. Further, the Court finds that Samsung is not entitled to a new trial on liability. Accordingly, Samsung's Rule 50(b) Renewed Motion for Judgment as a Matter of Law and/or Rule 59(a) Motion for New Trial on Liability Issues (Dkt. No. 329) is in all things **DENIED**.

**So ORDERED and SIGNED this 17th day of February, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE