# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT WIRELESS TECHS., LP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 2:13-CV-00213-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AM., INC., | § | |
| and SAMSUNG TELECOMM. AM., LLC, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Rembrandt Technologies, LP's ("Rembrandt") Motion to Amend Judgement (Dkt. No. 375), in which Rembrandt seeks to "strip out" from the jury's award those royalties tied to pre-complaint sales on a per-unit royalty calculation. Samsung disputes the propriety of Rembrandt's per-unit approach, which is based on per-unit sales, and instead advances a per-day calculation. The difference in the parties' approaches amounts to roughly $2.4 million in damages. Having considered the Motion and the relevant authorities, the Court is of the opinion that the Motion should be **GRANTED** as set forth herein.

### I. BACKGROUND

Rembrandt Wireless Technologies, LP, filed suit against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") alleging infringement of U.S. Patents 8,023,580 (the "'580 Patent") and 8,457,228 the "'228 Patent"). These patents concern systems and methods to facilitate communi-

cations between network modems. *See, e.g.*, '580 Patent at 2:17–20. Rembrandt alleged specifically that the asserted claims covered Samsung's devices incorporating a particular Bluetooth standard.

Before trial, Samsung moved to limit Rembrandt's damages asserting Rembrandt's failure to mark products embodying Claim 40 of the '580 Patent. (Dkt. No. 167). In response to the motion, Rembrandt statutorily disclaimed Claim 40 pursuant to 35 U.S.C. § 253(a). (*See* Dkt. No. 183-2, Disclaimer in Patent Under 37 C.F.R. 1.321(a)). Rembrandt then argued that it therefore had no marking obligation concerning Claim 40. (Dkt. No. 183 at 5–8). The Court agreed and denied Samsung's motion. (*See* Dkt. No. 262; Dkt. No. 277).

At trial, the parties presented fundamentally different damage models. Rembrandt proposed a reasonable royalty of between 5¢ and 11¢ per accused device. (Dkt. No. 293, 2/10/2015 Trial Tr. at 111:23–25.) Based on sales of roughly 290 million accused devices, Rembrandt's royalty model totaled from $14.5–$31.9 million. (*Id.* at 112:1–7.) In contrast, Samsung advanced a fully paid-up lump royalty theory totaling $500,000. (Dkt. No. 297, 2/12/2015 Trial Tr. at 18:16–19.)

Rembrandt prevailed on infringement, and the jury awarded it damages of $15.7 million, up to the time of trial. (Dkt. No. 288 at 4). On appeal, however, the Federal Circuit held "disclaimer cannot serve to retroactively dissolve the § 287(a) marking requirement for a patentee to collect pre-notice damages." *Rembrandt Wireless Techs., LP v. Samsung Elec. Co.*, 53 F.3d 1370, 1384 (Fed. Cir. 2017). Otherwise, disclaimer "provides an end-run around the marking statute" and "undermines the statute's public notice function." *Id.* at 1383. The Federal Circuit therefore vacated the Court's denial of Samsung's motion to limit damages and remanded to this Court as to that issue. *Id.* at 1385.

However, soon after the Federal Circuit's decision, Rembrandt elected to not maintain damages for pre-complaint sales. (*See* Dkt. No. 376-3, Enger Email May 11, 2017). In light of that decision, Rembrandt maintains that the Court now need only "strip out the royalties from pre-notice sales" and enter an amended final judgment. (Dkt. No. 376 at 2 (quoting *Rembrandt Wireless*, 53 F.3d at 1382))).

Unsurprisingly, the parties present the Court with starkly different methodologies for doing so. Rembrandt urges the Court to (1) divide the jury's award ($15.7 million) by the original damages base of 290,230,172 units to derive a royalty of 5.4¢ per unit, then (2) multiply that per-unit royalty by the number of units sold after Samsung had notice of Rembrandt's infringement claim—*i.e.*, after Rembrandt served its complaint. That calculation would yield damages of $11,111,920. (Dkt. No. 375 at 5 (relying on Declaration of Roy Weinstein (Dkt. No. 375-1))). Rembrandt emphasizes the consistency of this approach with that discussed by Judge Taranto during oral argument. (*Id.* at 7–8.)

Samsung does not dispute Rembrandt's math, but complains that its methodology incorrectly derives a per-unit royalty from the jury's lump-sum damages award. (*Id.* at 8.) Samsung notes there was no jury finding that the $15.7 million award reflects such a per-unit royalty. (*Id.*) According to Samsung, the evidence favors treating the verdict as a fully paid-up lump sum given that the parties presented only lump-sum license agreements at trial. (Dkt. No. 391 at 5–6).

Samsung instead advocates for a per-day calculation, and provides two options. First, if the Court decides the jury's award is a fully paid-up lump sum, Samsung multiplies the jury's award ($15.7 million) by the ratio of (a) the days from the filing of the complaint through the expiration of the patents (2091) to (b) the days from the beginning of Samsung's sales through the expiration

3

of the patents (2622). This calculation would yield a royalty of $12,520,481. (*Id.* at 4.) Alternatively, Samsung suggests the Court multiply the jury's award by the ratio of (a) the days from the complaint to trial (622) to (b) the days from the beginning of Samsung's sales to trial (1221). This calculation would yield a royalty of $8,872,236. *Id.* at 5. Samsung contends Rembrandt's expert also used a per-day calculation for a portion of the damages he presented at trial. (*Id.* at 3–4.)

Rembrandt has three complaints regarding Samsung's methodology. First, Rembrandt claims that Samsung's approach is contrary to its representations to the Federal Circuit, where Samsung supposedly agreed the parties could simply multiply post-complaint sales by a per-unit royalty. (Dkt. No. 375 at 6–7 (citing Judge Taranto's questioning on the marking issue)). Second, Rembrandt claims Samsung's approach contradicts the Federal Circuit's mandate. (*Id.* at 7.) Third, Rembrandt contends that Samsung's approach contradicts the trial record, where Samsung's expert opined the jury should award a lump sum paid-up royalty of $500,000 and he did not offer any type of per-day calculation before the jury. (*Id.* at 7–8.)

## II. APPLICABLE LAW

In patent cases, a motion for judgment as a matter of law (JMOL) is a procedural issue reviewed under the law of the regional circuit. *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, "a jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995) (internal citation omitted); *see also* Fed. R. Civ. P. 50(a)(1) (stating JMOL may be granted only if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue."). However, the court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). The court should give

great deference to a jury's verdict, *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004), and draw all reasonable inferences in a light most favorable to that verdict, *Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 475 (5th Cir. 2005).

### III. DISCUSSION

As an initial matter, the Court rejects Rembrandt's complaints that Samsung's approach is contrary to its representations to the Federal Circuit and contrary to that court's mandate. During argument before the Federal Circuit, Judge Taranto acknowledged that Samsung might have different views as to the propriety of Rembrandt's proposed methodology, and he simply asked about the mechanics of a specific approach. Concerning the Federal Circuit's mandate, it only requires the Court to "strip out the royalties from pre-notice sales."[1] Neither the opinion nor the mandate explain how that "stripping out" must occur. *See Rembrandt Wireless*, 853 F.3d at 1382; *cf. Art Midwest Inc. v. Atl. Ltd. P'ship XII*, 742 F.3d 206, 213 (5th Cir. 2014) ("The mandate rule requires a district court on remand to effect our mandate and do nothing else.").

This court rejects Samsung's critiques of Rembrandt's methodology. Samsung criticizes Rembrandt for using an implied rate, but Samsung's approach does the same. While it is true that there is no express jury finding establishing a per-unit rate, as advanced by Rembrandt, it is also true that there is no express jury finding as to the per-day rate as urged by Samsung. An important difference is that the record before the jury included evidence of a per-unit royalty calculation, while Samsung's per-day approach was not presented to the jury.[2]

---

[1] The Federal Circuit also instructed this Court to address whether the patent marking statute should attach on a patent-by-patent or claim-by-claim basis, *Rembrandt Wireless*, 853 F.3d at 1385, but that issue is now moot in light of Rembrandt abandoning its claim for pre-complaint damages.

[2] Samsung contends Rembrandt's expert used a per-day approach for a portion of his damages calculation. (Dkt. No. 391 at 3–4); (*see also* Dkt. No. 396 at 3–4.) Rembrandt disputes that contention. (Dkt. No. 394 at 1–2). Even if Samsung is correct, the record shows Rembrandt used such a methodology only to account for missing sales information

5

Further, Samsung's reliance on *Versata Software Inc. v. SAP America Inc.*, No. 2:07-CV-00153 CE, 2011 WL 4017947 (E.D. Tex. Sept. 9, 2011) is unavailing. In *Versata Software*, only the accused infringer offered an approach for reducing the jury's award. *See Versata Software Inc.*, 2011 WL 4017947, at *3. The plaintiff, on the other hand, argued the jury's award could stand untouched, even upon a finding the plaintiff did not comply with the marking statute. *Id.*

In this case, the trial record as a whole supports Rembrandt's approach, but it does not support Samsung's. At trial, Rembrandt's expert calculated a reasonable royalty of between 5¢ and 11¢ per infringing unit, and the jury's award fell squarely within that range. In contrast, there are no compelling reasons to adopt Samsung's approach. The jury did *not* award a fully paid-up lump sum, despite Samsung's contentions otherwise. (Dkt. No. 288 at 4 (limiting the damages questions to those necessary to compensate Rembrandt for infringement "up to the time of trial")); *see also* (Dkt. No. 391 at 5 n.5 (maintaining no ongoing royalties are appropriate)). Further, Samsung never advanced a per-day royalty at trial.

The Court has been directed to "strip out" the pre-notice sales, and in so doing must make *some* reasonable inference about the jury's verdict. Rembrandt's approach best aligns with the most reasonable inferences which the Court can fairly about the jury's award. Accordingly, Rembrandt's motion should be granted.

### IV. CONCLUSION

The Court concludes Rembrandt's approach is the one best supported by the record and the verdict for reducing damages in light of its acquiescence on the marking issue. Accordingly, the Court **GRANTS** Rembrandt's Motion to Amend Judgment (Dkt. No. 375) and will separately enter

---

for a specific period, and that Rembrandt preferred a per-unit calculation based on actual sales numbers.

an amended final judgement consistent with this opinion.

**So ORDERED and SIGNED this 28th day of March, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE